# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ISETTA DATA & COMMUNICATIONS and ANDREW JOHN ISETTA, its owner,<br><br>Defendants. | CASE NO.: C-07-3912 SI<br><br>**SETTLEMENT AGREEMENT**<br><br>Date:<br>Time:<br>Judge: Hon. Susan Illston<br>Courtroom:   10<br>Location: 19th Floor,<br>   450 Golden Gate Ave.<br>   San Francisco, CA 94102<br><br>Complaint Filed:   07/30/07<br>Trial Date:   None set. |

The Plaintiffs INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 HEALTH & WELFARE TRUST FUND; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 APPRENTICESHIP & TRAINING COMMITTEE; JOHN O'ROURKE, as Trustee of the above (hereinafter collectively referred to as the "Plaintiffs", "Trusts" or "Funds") and the Defendants, ISETTA DATA & COMMUNICATIONS, a sole proprietorship; and, ANDREW JOHN ISETTA, its owner, (hereinafter collectively referred to as "Isetta") agree to resolve this case as follows:

1. <u>Compromise</u>. The parties wish to avoid the uncertainty and expense of litigation, and, therefore, have reached this compromise and settlement concerning fringe benefit contributions owed the Plaintiff Funds for the reporting period of August 1, 2006 through December 31, 2007. This compromise and settlement does not include any unknown amounts discovered owing as a result of a reporting error or audit of the reporting periods from September 1, 2007 through the present.

2. <u>Consideration</u>. The Defendants will agree to a Stipulated Judgment against it in favor of the Plaintiff Trusts in the amount of $47,258.25 which consists of $34,367.41 in principal, $5,390.84 in liquidated damages, approximately $3,000.00 in interest and another $4,500.00 in attorneys fees and collection costs. (A copy of the Stipulation for Entry of Judgment is attached hereto as Exhibit A). The Stipulated Judgment shall only be filed if either Defendant files for bankruptcy protection or Isetta fails to comply with the following terms for the duration of this Settlement Agreement:

   (a)   Isetta agrees to timely submit its regular monthly contributions and transmittals for the duration of this agreement pursuant to the collective bargaining agreement and/or related Trust Agreements;

(b) In addition to regular current monthly contributions, Isetta agrees to pay a total of $43,000.00 for delinquent contributions plus simple interest at an interest rate of seven percent (7%) per annum on the unpaid contributions in <u>no more than</u> twelve monthly payments commencing with January 2008 hours due February 15, 2008. For example, if Isetta chooses to make twelve (12) monthly payments to pay the $43,000.00 outstanding, the twelve monthly payments at seven percent (7%) interest would mean twelve monthly payments of $3,720.65 commencing with January 2008 hours due February 15, 2008. If Isetta chooses to pay $47,000.00 in fewer months, interest shall only accrue on the unpaid principal. In other words, there is no pre-payment penalty for paying the balance sooner; however, no monthly payment shall be less than $3,720.65.

3. <u>Default and Cure</u>. If Defendants fail to make any payment in the time and manner set forth in Paragraph 2, Defendants shall be in default of this Agreement. In the event of a default, Plaintiffs shall notify the Defendants of the breach <u>in writing</u> sent via certified mail to the last known address of the Defendant Isetta Data & Communications and the Defendant Andrew John Isetta. If the Defendants fail to cure its default within thirty (30) calendar days of the date of the mailing of Plaintiffs' notice of default, all remaining sums shall become immediately due and payable and the Plaintiff may file the Stipulated Judgment attached hereto as Exhibit "A".

4. <u>Enforce Agreement</u>. The parties agree that in the event any party institutes proceedings, by motion or otherwise, to enforce any of the provisions of this Agreement, the prevailing party shall be entitled to receive all costs and expenses, including reasonable attorneys' fees, of such proceedings as determined by the Court having jurisdiction of such proceeding.

5. <u>Contingent Order of Dismissal</u>. Plaintiffs and the Defendants will jointly request the Court to issue a Contingent Order of Dismissal. A Stipulation for a Contingent Order of Dismissal and a proposed Order is concurrently filed herewith. The Order will allow the Plaintiffs to reopen the case for Defendant's noncompliance with any of the items listed in paragraph 2 above. Upon reopening, the Plaintiffs will file the Stipulated Judgment. It is agreed that, in such event, Plaintiffs will take no action to enforce that portion of the Judgment amount already paid by the date of the entry of the Judgment, minus any additional attorneys' fees that Plaintiffs any have

incurred. If the Plaintiffs do not file such a request by July 31, 2009, the case will automatically be dismissed with prejudice. If at any time the Defendants pay in full the delinquent contributions and interest due under this Paragraph 2 of this Agreement (that is, if Defendants pay $43,000.00 plus simple interest at the rate of seven percent (7%) per annum, Plaintiffs will request the Court to dismiss the action with prejudice. The Defendants shall not be assessed any penalty for making any payments required by paragraph 2 before it is due.

7. <u>Attorney's Fees and Costs</u>. If the Defendants breach this Agreement, it shall pay Plaintiffs all of their reasonable attorneys' fees and costs incurred as a result of the breach, including any reasonable attorneys' fees and costs incurred in enforcing any judgment including the Stipulated Judgment.

8. <u>Binding on Successors and Others</u>. This Agreement and General Release shall be binding upon the parties hereto and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said parties, and each of them, and to their heirs, administrators, representatives, executors, successors and assigns.

9. <u>Governing Law</u>. The terms and conditions of this Agreement and General Release shall be interpreted and construed in accordance with the laws of the State of California and to the extent applicable by the Employee Retirement Income Security Act ("ERISA"). If any term or condition of this Agreement and General Release is determined to be invalid, the remainder of the provisions shall remain in full force and effect.

10. <u>Full Payment</u>. If the delinquent payments plus interest called for above in paragraph 2 are paid in full, the parties agree that this constitutes full payment of all amounts owing by Defendants for work performed in the under the jurisdiction of the 9th District Sound & Communications collective bargaining agreement between the International Brotherhood of Electrical Workers & National Electrical Contractors Association, for Northern California and

Nevada. However, this does not waive any claims based on fraud or improper or erroneous reporting of hours or contributions due. Any prior settlement agreements or liens associated with the parties are hereby superceded by this Agreement.

11. **Agreement Jointly Drafted.** This Agreement and each of its provisions have been jointly drafted by the parties; neither party shall be deemed to have been the drafting party.

12. **Agreement Freely Entered Into.** The parties represent and agree that this Agreement, and the releases contained in this Agreement, have been given voluntarily and free from duress or undue influence on the part of any person released by this Agreement, or by any third party.

13. **Counterparts.** This Agreement may be executed in counterparts and a facsimile or .PDF signature shall be treated with the same force as an original.

WE AGREE TO THE ABOVE.

Dated: _____    Plaintiffs INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 HEALTH & WELFARE TRUST FUND; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 APPRENTICESHIP & TRAINING COMMITTEE; JOHN O'ROURKE, as Trustee of the above

By: *John J O'Rourke*
John O'Rourke, Business Manager - IBEW Local 6 & Trustee of the above-Trusts

Dated: _____    Defendants ISETTA DATA & COMMUNICATIONS and ANDREW JOHN ISETTA, its owner,

By: _____
Andrew John Isetta

5

Case No. C-07-3912 SI
SETTLEMENT AGREEMENT

1  Nevada. However, this does not waive any claims based on fraud or improper or erroneous
2  reporting of hours or contributions due. Any prior settlement agreements or liens associated with
3  the parties are hereby superceded by this Agreement.

    11.  **Agreement Jointly Drafted.** This Agreement and each of its provisions have been
jointly drafted by the parties; neither party shall be deemed to have been the drafting party.

    12.  **Agreement Freely Entered Into.** The parties represent and agree that this
Agreement, and the releases contained in this Agreement, have been given voluntarily and free
from duress or undue influence on the part of any person released by this Agreement, or by any
third party.

    13.  **Counterparts.** This Agreement may be executed in counterparts and a facsimile or
.PDF signature shall be treated with the same force as an original.

    WE AGREE TO THE ABOVE.

Dated: _____

Plaintiffs INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN;
NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND &
COMMUNICATION DISTRICT No. 9 HEALTH & WELFARE
TRUST FUND; NORTHERN CALIFORNIA-NORTHERN
NEVADA SOUND & COMMUNICATION DISTRICT No. 9
APPRENTICESHIP & TRAINING COMMITTEE; JOHN
O'ROURKE, as Trustee of the above

By: *John J O'Rourke*
John O'Rourke, Business Manager - IBEW Local 6
& Trustee of the above-Trusts

Dated: _____

Defendants ISETTA DATA & COMMUNICATIONS and
ANDREW JOHN ISETTA, its owner,

By: *Andrew John Isetta*
Andrew John Isetta

APPROVED AS TO FORM.

Dated: 1/17/2008

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____
SCOTT M. DeNARDO
Attorney for Plaintiffs

Dated: _____

LITTLER MENDELSON

By: _____
RICHARD HILL
Attorneys for Defendants

APPROVED AS TO FORM.

Dated: 1/17/2008

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____
SCOTT M. DeNARDO
Attorney for Plaintiffs

Dated: 1/22/08

LITTLER MENDELSON

By: _____
RICHARD HILL
Attorneys for Defendants

EXHIBIT A

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT
8          NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION
9

| | |
|---|---|
| 10  INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS DISTRICT 9<br>11  PENSION PLAN; et al.,<br>12<br>13         Plaintiffs,<br>14  v.<br>ISETTA DATA & COMMUNICATIONS and<br>15  ANDREW JOHN ISETTA, its owner,<br>16         Defendants. | CASE NO.: C-07-3912 SI<br><br>**STIPULATION FOR ENTRY OF JUDGMENT & [Proposed] ORDER THEREON**<br><br>Date:<br>Time:<br>Judge: Hon. Susan Illston<br>Courtroom:    10<br>Location: 19th Floor,<br>         450 Golden Gate Ave.<br>         San Francisco, CA 94102<br><br>Complaint Filed:    07/30/07<br>Trial Date:         None set. |

17
18
19
20
21
22
23
24
25
26
27
28

IT IS HEREBY STIPULATED by and between Plaintiffs INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 HEALTH & WELFARE TRUST FUND; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 APPRENTICESHIP & TRAINING COMMITTEE; JOHN O'ROURKE, as Trustee of the above (hereinafter collectively referred to as the "Plaintiffs", "Trusts" or "Funds") and the Defendants, ISETTA DATA & COMMUNICATIONS, a sole proprietorship; and, ANDREW JOHN ISETTA, its owner, that judgment in the above-entitled cause be entered in favor of Plaintiffs against both Defendants, joint and several in the amount of $47,258.25.

IT IS SO STIPULATED.

Dated: 1/22/2008

Respectfully Submitted,

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____
SCOTT M. DeNARDO
Attorney for Plaintiffs

Dated: _____

LITTLER MENDELSON

By: _____
RICHARD HILL
Attorneys for Defendants

IT IS HEREBY STIPULATED by and between Plaintiffs INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS DISTRICT 9 PENSION PLAN; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 HEALTH & WELFARE TRUST FUND; NORTHERN CALIFORNIA-NORTHERN NEVADA SOUND & COMMUNICATION DISTRICT No. 9 APPRENTICESHIP & TRAINING COMMITTEE; JOHN O'ROURKE, as Trustee of the above (hereinafter collectively referred to as the "Plaintiffs", "Trusts" or "Funds") and the Defendants, ISETTA DATA & COMMUNICATIONS, a sole proprietorship; and, ANDREW JOHN ISETTA, its owner, that judgment in the above-entitled cause be entered in favor of Plaintiffs against both Defendants, joint and several in the amount of $47,258.25.

IT IS SO STIPULATED.

Respectfully Submitted,

Dated: _____

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____
SCOTT M. DeNARDO
Attorney for Plaintiffs

Dated: 1/22/08

LITTLER MENDELSON

By: /s/ Richard E. Hill
RICHARD HILL
Attorneys for Defendants

1 [PROPOSED] ORDER:

2   IT IS HEREBY ORDERED that Judgment be entered in the above-entitled cause in favor
3 of Plaintiffs against Defendants ISETTA DATA & COMMUNICATIONS, a sole proprietorship
4 and ANDREW JOHN ISETTA, its owner in the sum of $47,258.25.
5 IT IS SO ORDERED.

7 Dated: _____    _____
U.S. District Court Judge